[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DENYING MOTION FOR NONSUIT
The defendant Cavanaugh has filed a motion for nonsuit of "any other cause of action presently pending in regard to partnerships which may have existed between . . . January 1, 1990 and March 16, 1990." Relying upon the evidence presented during the trial of the claims involving the 12/31/89 partnership, which terminated on that date, the court assumes that the motion refers to the 3/16/90 partnership litigation in which the court declared a mistrial because judgment could not be rendered within the time required by G.S. Sec. 51-183 (b). The only basis for the nonsuit stated in the motion is that the plaintiff, Cohen, "has failed and neglected to comply with the Order for disclosure of assets, and, through counsel, has indicated that he does not intend to comply."
The plaintiff Cohen has filed an objection to the motion for nonsuit stating that he has filed an appeal from the granting of the prejudgment remedies with the Appellate Court. For that reason alone the court will not grant the motion for nonsuit. Practice Book (2,000) Sec. 61-11(a) provides for an automatic stay once an appeal is filed. In addition, the plaintiffs failure to comply with the order to disclose his assets is an insufficient reason to nonsuit his claims regarding the 3/16/90 partnership, a separate entity from the 12/31/89 partnership in which the CT Page 14404 court rendered judgment in favor of Beharry and Cavanaugh against Cohen on the issues arising out of the dissolution of that partnership. As a judgment creditor, the defendant Cavanaugh may "obtain discovery from the judgment debtor" pursuant to Sec. 13-20 of the Practice Book. Accordingly, the motion for nonsuit is denied.
Shea, J.